UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Robert V. Towle

    v.                                  Civil No. 11-cv-203-PB

Martha Hornick


## REPORT AND RECOMMENDATION

Before the court is Robert Towle's complaint, filed pursuant to 42 U.S.C. § 1983, alleging that his court-appointed attorney in his criminal case violated his constitutional rights.  The matter is before the court for preliminary review to determine whether the complaint states any claim upon which relief might be granted.  See 28 U.S.C. § 1915A(a); United States District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2).

### Standard of Review

Under LR 4.3(d)(2), when an incarcerated plaintiff or petitioner commences an action pro se, the magistrate judge conducts a preliminary review.  The magistrate judge may issue a report and recommendation after the initial review, recommending that claims be dismissed if the court lacks subject matter jurisdiction, the defendant is immune from the relief sought,

the complaint fails to state a claim upon which relief may be granted, the allegation of poverty is untrue, or the action is frivolous or malicious.  See id. (citing 28 U.S.C. § 1915A & Fed. R. Civ. P. 12(b)(1)).  In conducting a preliminary review, the magistrate judge construes pro se pleadings liberally, to avoid inappropriately stringent rules and unnecessary dismissals.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976), to construe pleadings liberally in favor of pro se party); Castro v. United States, 540 U.S. 375, 381 (2003).

To determine if the complaint states any claim upon which relief could be granted, the court applies a standard analogous to that used in reviewing a motion to dismiss filed under Fed. R. Civ. P. 12(b)(6).  The court decides whether the complaint contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

To make this determination, the court employs a two-pronged approach.  See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).  The court first screens the complaint for statements that "merely offer legal conclusions couched as fact or threadbare recitals of the elements of a cause of action."

Id. (citations, internal quotation marks and alterations
omitted).  A claim consisting of little more than "allegations
that merely parrot the elements of the cause of action" may be
dismissed.  Id.  The second part of the test requires the court
to credit as true all non-conclusory factual allegations and the
reasonable inferences drawn from those allegations, and then to
determine if the claim is plausible.  Id.  The plausibility
requirement "simply calls for enough fact to raise a reasonable
expectation that discovery will reveal evidence" of illegal
conduct.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007).
The "make-or-break standard" is that those allegations and
inferences, taken as true, "must state a plausible, not a merely
conceivable, case for relief."  Sepúlveda-Villarini v. Dep't of
Educ., 628 F.3d 25, 29 (1st Cir. 2010); see Twombly, 550 U.S. at
555-56 ("Factual allegations must be enough to raise a right to
relief above the speculative level, on the assumption that all
the allegations in the complaint are true (even if doubtful in
fact)." (citations and footnote omitted)).

Evaluating the plausibility of a claim is a "context-
specific task that requires the reviewing court to draw on its
judicial experience and common sense."  Iqbal, 129 S. Ct. at
1950 (citation omitted).  In doing so, the court may not

3

disregard properly pleaded factual allegations or "attempt to forecast a plaintiff's likelihood of success on the merits." Ocasio-Hernández, 640 F.3d at 13.  "The relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint."  Id.

### Background

Robert Towle, a New Hampshire State Prison inmate, was charged with two counts of child pornography in the Coos County Superior Court.  The court appointed Attorney Martha Hornick of the New Hampshire Public Defender to represent Towle in the criminal case.

Towle asserts that Hornick wanted him to plead guilty to the charge because she wanted to avoid a trial.  Hornick told Towle that he would lose at trial and would receive an enhanced sentence.  Towle entered into a negotiated plea bargain on June 9, 2006, and was sentenced to a term of 3 ½ - 7 years in prison, with an additional 3 ½ - 7 year sentence suspended, pursuant to the negotiated agreement.  Towle states that he appealed his conviction and sentence and that the New Hampshire Supreme Court found that he had received ineffective assistance of counsel and vacated his conviction.

Towle lists a number of specific complaints about Hornick's performance as his attorney.  These include complaints that she: (1) failed to properly advise him of the charges against him; (2) failed to properly advise him of the sentence that he could receive if convicted at trial; (3) failed to object to an improper modification of Towle's sentence; (4) failed to challenge deficiencies in the indictments; (5) did not adequately explore available defenses;  and (6) failed to object to the prosecutor's nolle prosequi of the indictments after the case was overturned by the New Hampshire Supreme Court.

### Discussion

To state a cause of action under 42 U.S.C. § 1983, Towle must establish that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law . . . . [T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful."  Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999) (internal quotations and citation omitted); see also Andresen v. Diorio, 349 F.3d 8, 13 (1st Cir. 2003).

"[A] public defender does not qualify as a state actor when engaged in his general representation of a criminal defendant."

Georgia v. McCollum, 505 U.S. 42, 53 (1992) (citation omitted).
A private actor can be held to be a state actor for purposes of
§ 1983 only under limited circumstances, none of which are
present here.  See id. at 54 (describing circumstances under
which public defender could be deemed to be a state actor for
purposes of § 1983); Blum v. Yaretsky, 457 U.S. 991, 1004
(1982).

Hornick's allegedly unconstitutional actions occurred
during her representation of Towle in a criminal case.  No
allegation in the complaint suggests that Hornick was at any
time acting under color of state authority.  Accordingly, the
claims against Hornick are not cognizable in a § 1983 action,
and the action should be dismissed.

## Conclusion

The court finds that Towle has failed to state any claim
upon which relief might be granted and recommends that this
action be dismissed in its entirety.  Any objections to this
Report and Recommendation must be filed within fourteen days of
receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure
to file objections within the specified time waives the right to
appeal the district court's order.  See United States v. De
Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011) (citing United

6

States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008)); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

_____
Landya McCafferty
United States Magistrate Judge

December 20, 2011

cc:  Robert V. Towle, pro se

LBM:jba